UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

CASE NO. 7:19-cv-180

JOSE GUERRA AND JAMISON ROGERS

        Plaintiffs,

vs.

SANDBOX TRANSPORTATION, LLC

        Defendant.

_____/

# COMPLAINT
*[Jury Trial Demanded]*

Plaintiffs Jose Guerra and Jamison Rogers for their Complaint against Sandbox Transportation, LLC state and allege as follows:

### SUMMARY

1. Sandbox Transportation, LLC (hereinafter "Sandbox" or "Defendant") required and/or permitted Jose Guerra and Jamison Rogers ("Plaintiffs") to work in excess of forty hours per week but refused to compensate them properly for such hours.

2. Defendant's conduct is in violation of the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work. *See*, 29 U.S.C. § 207(a).

3. Plaintiffs are FLSA non-exempt workers who have been denied overtime pay required by law, for which they now seek recovery.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 201, Et. Seq. and 28 U.S.C. § 1331.

5. Venue is proper in the District of Texas because Defendant engages in business here.

## THE PARTIES

6. Defendant Sandbox Transportation, LLC is a domestic limited liability company with its principle place of business in Houston, Texas.

7. Plaintiffs are Defendant's hourly paid operators who provided sandbox operation services to Defendant's clients in the oil & gas industry.

## COVERAGE

8. Defendant Sandbox Transportation, LLC is an enterprise that engages in commerce or in the production of goods for commerce.

9. Defendant acted, either directly or indirectly, in the interest of an employer with respect to Plaintiffs.

10. Accordingly, Defendant is both a covered "enterprise" and an "employer" under the FLSA.

11. Defendant has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

12. In furtherance of Defendant's business, Defendant's employees handled, sold or otherwise utilized goods and materials and handled equipment that had been moved in or produced for such commerce, thus affording them the protections of the FLSA.

## FACTUAL ALLEGATIONS

13. Defendant is a logistics company that delivers sand, or proppant, directly to the frac sites of its customers in the oil and gas industry.

14. Plaintiff Guerra began working for Defendant on or about May 8, 2017 as an hourly paid operator and continued employment with Defendant through on or about June 15, 2019.

15. Plaintiff Rogers began working for Defendant on or about February 1, 2017 as an hourly paid operator and continued employment with Defendant through on or about October 15, 2017.

16. Plaintiffs approximate that they each worked on average of 85 hours or more per week for Defendant.

17. Defendant compensated Plaintiffs their hourly wage for every hour worked, regardless of the number of hours worked.

18. Plaintiffs did not receive overtime compensation for hours exceeding forty in a workweek in violation of the FLSA.

19. By way of example, for the August 15, 2017 pay period, Plaintiff Guerra worked 175.5 hours, of which 87.5 of those hours were overtime hours. Instead of compensating Plaintiff $4,604.25, Defendant merely compensated him $3,685.50. As a result, Defendant still owes Plaintiff Guerra an additional $918.75.

## CAUSES OF ACTION
### *VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")*

20. Plaintiffs incorporate all allegations contained in the preceding paragraphs.

21. At all relevant times Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

22. Defendant's failure to pay overtime compensation to Plaintiffs violates the FLSA.

23. Plaintiffs are not exempt from the right to receive the appropriate overtime pay under the FLSA.

24. As a result of Defendant's failure to compensate its employees, including Plaintiffs, Defendant has violated—and continues to violate—the FLSA, 29 U.S.C. §§ 206(a)(1)(C) and 207(a)(1).

25. Accordingly, Plaintiffs are entitled to complete compensation for hours worked.

26. Additionally, Plaintiffs are entitled to an amount equal to their unpaid overtime wages, liquidated damages, as well as reasonable attorneys' fees and costs of this action as provided by 29 U.S.C. § 216(b).

27. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages described pursuant to 29 U.S.C. § 216(b).

28. Alternatively, should the Court find Defendant acted in good faith and that it had reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

29. Plaintiffs are entitled to have the limitations period extended to three years because Defendant's actions were willful. 29 U.S.C. § 216(b).

30. WHEREFORE, Plaintiffs demand judgment against Defendant plus costs, reasonable attorney's fees, and such other remedies as the court deems just and appropriate.

### PRAYER

WHEREFORE, Plaintiffs respectfully requests judgment be entered in their favor awarding them:

1. overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one-half times their regular rate;

2. an equal amount as liquidated damages as allowed under the FLSA;

3. damages accrued up to three years;

4. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

5. pre-judgment and post judgment interest at the highest rates allowed by law; and

6. such other relief as to which Plaintiffs may be entitled.

Respectfully submitted,

**GOLDBERG & LOREN, PA**
By: /s/ James M. Loren, Esq.
**James M. Loren**
**Attorney-in-charge**
FL Bar No.: 55409
George Z. Goldberg
FL Bar No. 031186
Rachael Rustmann
TX Bar No. 24073653
3102 Maple Ave, Suite 450
Dallas, Texas 75201
Main Phone:    800-719-1617
Facsimile:     (954) 585-4886
jloren@goldbergloren.com
rrustmann@goldbergloren.com
ggoldberg@goldbergdohan.com
*Attorneys for Plaintiff*